**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. 3512 FOR 2703(d) ORDER FOR ONE KIK ACCOUNT SERVICED BY MEDIALAB.AI INC. | ML No. 23-ml-489 |

*Reference:*     *DOJ Ref. # CRM-182-87462; Subject Account: wi111y9*

**APPLICATION OF THE UNITED STATES
<u>FOR AN ORDER PURSUANT TO 18 U.S.C. § 2703(d)</u>**

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. §§ 2703(d) and 3512(a), and the Agreement comprising the instrument as contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed at Washington on 25 June 2003, as to the application of the Treaty Between the United States of America and the Kingdom of the Netherlands on Mutual Assistance in Criminal Matters signed at the Hague on 12 June 1981, Neth.-U.S., Sept. 29, 2004, S. TREATY DOC. NO. 109-13 (2006)  (hereinafter, the "Agreement"), and the Council of Europe, Convention on Cybercrime, opened for signature Nov. 23, 2001, T.I.A.S. 13174, C.E.T.S. 185 (entered into force for the United States Jan. 1, 2007) (hereinafter, the "Convention"), to execute a request from the Kingdom of the Netherlands ("the Netherlands").  The proposed Order would require MediaLab.ai Inc. ("PROVIDER"), an electronic communication service and/or remote computing service provider located in Santa Monica, California, to disclose certain records and other information pertaining to the PROVIDER account associated with **wi111y9**, as set forth in Part I of Attachment A to the proposed Order, within ten days of receipt of the Order.  The records and other information to be disclosed are described in Part II of Attachment A to the

proposed Order.  In support of this application, the United States asserts:

## LEGAL BACKGROUND AND JURISDICTION

1.        PROVIDER is a provider of an electronic communication service, as defined in

18 U.S.C. § 2510(15), and/or a remote computing service, as defined in 18 U.S.C. § 2711(2).

Accordingly, the United States may use a court order issued under § 2703(d) to require

PROVIDER to disclose the items described in Part II of Attachment A.  *See* 18 U.S.C.

§ 2703(c)(2) (Part II.A of Attachment A); 18 U.S.C. § 2703(c)(1) (Part II.B of Attachment A).

2.         Pursuant to the applicable treaty, this Court has jurisdiction to issue the proposed

Order.  *See* Agreement Annex art. 12 (authorizing courts to issue orders necessary to execute the

request).  In addition, this Court has jurisdiction to issue the proposed Order because it is "a

court of competent jurisdiction," as defined in 18 U.S.C. § 2711.  18 U.S.C. § 2703(d).

Specifically, the Court "is acting on a request for foreign assistance pursuant to [18 U.S.C.]

section 3512."  18 U.S.C. § 2711(3)(A)(iii); *see also* 18 U.S.C. § 3512(a)(2)(B) (court may issue

"a warrant or order for contents of stored wire or electronic communications or for records

related thereto, as provided under section 2703"); 18 U.S.C. § 3512(c)(3) ("application for

execution of a request from a foreign authority under this section may be filed . . . in the District

of Columbia").

3.        Section 3512 provides:

> Upon application, duly authorized by an appropriate official of the
> Department of Justice, of an attorney for the Government, a Federal
> judge may issue such orders as may be necessary to execute a
> request from a foreign authority for assistance in the investigation
> or prosecution of criminal offenses, or in proceedings related to the
> prosecution of criminal offenses, including proceedings regarding
> forfeiture, sentencing, and restitution.

18 U.S.C. § 3512(a)(1).  This application to execute the Netherlands's request has been duly

authorized by an appropriate official of the Department of Justice, through the Criminal

Division, Office of International Affairs,[1] which has authorized execution of the request and has

delegated the undersigned to file this application.  The undersigned has reviewed the request and

has confirmed that it was submitted by authorities in the Netherlands in connection with a

criminal investigation and/or prosecution.

4.         A court order under § 2703(d) "shall issue only if the governmental entity offers

specific and articulable facts showing that there are reasonable grounds to believe that . . . the

records or other information sought, are relevant and material to an ongoing criminal

investigation."  18 U.S.C. § 2703(d).  Accordingly, the next section of this application sets forth

specific and articulable facts showing that there are reasonable grounds to believe that the

records and other information described in Part II of Attachment A are relevant and material to

an ongoing criminal investigation.

## RELEVANT FACTS

5.         Authorities in the Netherlands are investigating an unidentified person (the

"suspect") for disclosing images of a sexual nature offenses, which occurred from at least

February 28, 2022 to March 9, 2022, in violation of the criminal law of the Netherlands,

specifically, Article 139h(2)(b) of the Dutch Criminal Code.  A copy of the applicable law is

appended to this application.  The United States, through the Office of International Affairs,

received a request from the Netherlands to provide the requested records to assist in the criminal

---

[1] The Attorney General, through regulations and Department of Justice directives, has delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  *See* 28 C.F.R. §§ 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

investigation and/or prosecution.   Under the Agreement, the United States is obligated to render assistance in response to the request.

6.        According to authorities in the Netherlands, on March 16, 2022, an adult female (the "victim") filed a complaint with police alleging she was the victim of sexting.  On February 28, 2022, the victim received a message on her Instagram account from "Alex" with the username alexjohnny1992o, who stated the victim's nude pictures were present on the KIK application.  The victim responded that she'd never taken nude pictures and blocked Alex.

7.        On March 7, 2022, Instagram account Pidgey20 sent the victim an Instagram message stating "Ricky" was circulating the victim's pictures and she needed to be careful.  According to Pidgey20, Ricky was distributing the victim's videos and pictures from Kik account **wi111y9**.

8.        The victim asked Pidgey20 about the type of pictures and Pidgey20 responded by sending her four videos.  In the videos the victim's face, right shoulder tattoo, and birthmark near her vagina were recognizable.  The videos also showed the victim and her boyfriend engaged in sexual intercourse and showed her vagina.  Kik account **wi111y9** also distributed four naked pictures of the victim.

9.        The victim told authorities that she shared naked photos of herself with her ex-boyfriend when they were in a relationship.  The victim further stated that the videos were shot without her knowledge and consent, and she has suffered significant harm because of the images being published.

10.        On March 9, 2022, an individual with the username "George" sent the victim an Instagram message that contained two nude photos of herself.  The victim blocked George after receiving the message.

11.     Dutch authorities are seeking non-content information from PROVIDER for the Kik account **wi111y9** to identify the person responsible for distributing harmful images of the victim.

**<u>REQUEST FOR ORDER</u>**

12.     The facts set forth above show that there are reasonable grounds to believe that the records and other information described in Part II of Attachment A are relevant and material to an ongoing criminal investigation.  Specifically, these items will help authorities in the Netherlands identify and locate the individual(s) who are responsible for the criminal activity under investigation, and to determine the nature and scope of that criminal activity. Accordingly, the United States requests that PROVIDER be directed to produce all items described in Part II of Attachment A to the proposed Order within ten days of receipt of the Order.

Respectfully submitted,

VAUGHN A. ARY
DIRECTOR
OFFICE OF INTERNATIONAL AFFAIRS
OK Bar Number 12199

By: _____
Tracy M. Johnson
Trial Attorney
WI Bar Number 1023069
Office of International Affairs
Criminal Division, Department of Justice
1301 New York Avenue, N.W., Suite 300
Washington, D.C.  20530
(202) 616-1487 telephone
(202) 514-0080 facsimile
Tracy.Johnson2@usdoj.gov

### Relevant Provisions of the Dutch Criminal Code

Article 139h(2)(b)

Any person who discloses an image of a sexual nature of a person while knowing that the disclosure can be harmful to that person.